## S04A0139. ROBERTS v. SCROGGY.
(597 SE2d 385)

HUNSTEIN, Justice.

John Roberts was convicted in 1984 of murder, burglary, and theft by taking. He was released on parole in 1998. His parole was revoked in March 1999 after the Georgia State Board of Pardons and Paroles determined he violated the conditions of his parole by failing to attend required courses, failing to comply with electronic monitoring procedures and absconding from parole. According to Parole Board practices and procedures, the final revocation hearing was held before one Board member who heard the evidence and thereafter submitted to the remaining Board members a recommendation to revoke Roberts's parole. The Board thereafter revoked Roberts's parole and Roberts sought habeas relief claiming, inter alia, that the Parole Board's practice of having one member preside over the final hearing violated his constitutional due process rights. After two days of hearings, the habeas court denied Roberts's petition. We granted Roberts's application for certificate of probable cause and, after finding the record incomplete, remand to the habeas court with direction.

The issue before the Court is whether a parolee has a constitutional right to have all parole board members who acted on his parole revocation present at the final revocation hearing. In *Morrissey v. Brewer*, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972), the United States Supreme Court held that the constitutional right to procedural due process attaches to parole revocation hearings. In reaching this conclusion, the Court recognized that "the concept of due process

is flexible," but that its flexibility "is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure." Id. at 481. After concluding that the Due Process Clause provided at least informal procedural protections to parolees, the Court outlined the minimum constitutional requirements States must afford the parolee in final revocation hearings. They include:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 489. The Court stressed that the final revocation hearing should be a "narrow inquiry," yet sufficiently flexible so that the parole board may "consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id. The goal always is to ensure that "the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." Id. at 484. The *Morrissey* Court, in light of an inadequate record, remanded the case for determination of what process had been afforded the petitioners. Id. at 490.

We find the record in this case similarly inadequate to determine what process Roberts was afforded. The State alleges that pursuant to Parole Board procedure, Roberts's parole was formally revoked by the Board acting on the basis of the written recommendation of the presiding Board member. Unfortunately, that recommendation was not made a part of the record and there is no other evidence in the record from which this Court can determine the basis of the absent Board members' decision to accept that recommendation and what procedures were actually followed in the revocation of Roberts's parole, especially in light of his allegation that the Board's decision to revoke parole was made within minutes of the conclusion of the final revocation hearing. Accordingly, we remand the case with direction that the habeas court make findings on the procedures followed by the Parole Board, including all evidence presented at the final revocation hearing and all evidence upon which absent Board members relied in reaching their decision to revoke parole.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JUNE 7, 2004.

John A. Roberts, *pro se.*

*Thurbert E. Baker, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.

*James C. Bonner, Jr., Sarah L. Gerwig,* amici curiae.